# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY JOSHUA WONG,<br><br>  Petitioner,<br><br>  v.<br><br>CHARLES HARRISON,<br><br>  Respondent. | NO. SACV 07-00098-JHN (MAN)<br><br>ORDER ACCEPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>OF UNITED STATES MAGISTRATE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition", all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. The Court has conducted a *de novo* review of those portions of the Report to which objections have been stated in writing.

To the extent that Petitioner attempts to raise a freestanding claim of cumulative error and/or a claim based on a deprivation of Petitioner's Fifth Amendment right to a "fundamentally fair and accurate trial" (*see* Objections at 3), any such claims are unexhausted, as well

as unduly delayed. A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See* <u>Brown v. Roe</u>, 279 F.3d 742, 744-45 (9th Cir. 2002); <u>United States v. Howell</u>, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion and declines to consider any unexhausted, newly-raised habeas claims set forth in the Objections.

Petitioner's contention that the Magistrate Judge engaged in "harmless error review" in the Report (Objections at 3-5) is simply incorrect. The Report resolves Petitioner's various Ground One ineffective assistance of counsel claims on the prejudice prong of the governing <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984), standard of review, and resolves Petitioner's Ground Two *Brady* claim on its merits. The Court notes that Petitioner has not objected to the Report's findings and recommendations with respect to the *Brady* claim alleged in Ground Two.

With respect to Ground One, the ineffective assistance of counsel claims, Petitioner contends that the Magistrate Judge erred in finding the state court's decision -- *i.e.*, that the prejudice prong of these claims was not satisfied -- to have been a reasonable application of the <u>Strickland</u> standard. Petitioner argues that, under <u>Harris v. Wood</u>, 64 F.3d 1432 (9th Cir. 1995), the Magistrate Judge should have found a Sixth Amendment violation based on the cumulative impact of the prejudice he alleges. It is correct that, in the context of habeas actions *not* governed by the AEDPA standard of review, the Ninth Circuit has opined that, for purposes of ineffective assistance claims,

"prejudice may result from the cumulative impact of multiple deficiencies." Harris, 64 F.3d at 1438; *see also, e.g.,* Boyde v. Brown, 414 F.3d 1159, 1175 (9th Cir. 2005); Pizzuto v. Arave, 280 F.3d 949, 981-82 (9th Cir. 2002); Silva v. Woodford, 279 F.3d 825, 834 (9th Cir. 2002); Mak v. Blodgett, 970 F.3d 614, 622 (9th Cir. 1992). The Supreme Court, however, has not so opined, and thus under 28 U.S.C. § 2254(d)(1), this pre-AEDPA Ninth Circuit doctrine does not constitute clearly established federal law for purposes of this AEDPA-governed action.

In any event, this cumulative impact doctrine, even if applicable, does not aid Petitioner. Although Petitioner acknowledges the existence of the Section 2254(d)(1 standard of review governing his claims, his arguments do not account for the effect of that review standard, including the "doubly deferential" review this Court is required to undertake. Knowles v. Mirzayance, ___ U.S. ___, 129 S. Ct. 1411, 1420 (2009); *see also* Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 788 (2011)("[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so"; citations omitted). As the Report's analysis of each of the ineffective assistance claims makes clear, the state court reasonably could have found that Petitioner has not demonstrated prejudice, a necessary requirement for finding a Strickland violation, and thus, the Section 2254(d)(1) standard for relief is not satisfied. As there is no prejudice to be cumulated in this instance, there is no basis for concluding that the state court's decision was unreasonable under a cumulative impact-type analysis.

    Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that federal habeas relief is denied and Judgment shall be entered dismissing this action with prejudice.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 14, 2011

_____
JACQUELINE H, NGUYEN
UNITED STATES DISTRICT JUDGE